EL BANCO DE PONCE, INC., Petitioner and Appellant, v. MUNICIPALITY OF TOA ALTA, Respondent and Appellee.

No. 5536. Argued December 18, 1931.—Decided May 31, 1932.

*López de Tord & Zayas Pizarro* for appellant. *James R. Beverley, Attorney General,* and *Felipe Janer, Assistant Attorney General,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The early history of this case may be found in *Banco de Ponce* v. *Municipality,* 39 P.R.R. 860. See also case number 5621, *ante,* p. 563.

On May 14, 1930, the municipal assembly passed a budget which was approved by the mayor on May 16. On June 4, the bank filed a second application for a writ of mandamus to compel the mayor and the members of the Municipal Assembly of Toa Alta to include in the budget an appropriation for the payment of the money due the bank under the judgment rendered in 1925. On June 14, 1930, the bank filed a petition for a writ of certiorari to review the action of the municipal assembly in passing the budget which provided for the payment of salaries and other obligations but did not include any appropriation for the amount of the judgment. On June 18 a hearing was had on the application for a writ of mandamus. On August 13 the district court dismissed the petition. The theory of the district judge was that the municipal assembly, after it had passed the budget, could not be compelled by mandamus to include therein the appropriation in question. For the sake of argument it may be conceded that this was reversible error.

Counsel for appellee do not discuss the merits of the present appeal, but insist that the questions involved are academic. Appellant admits that on August 13, 1930, the district judge rendered judgment in the certiorari proceeding and annulled the appropriations for salaries and other items, and that the municipal assembly thereafter included in a

'revised budget an appropriation for the amount of the bank's judgment. Thus, it appears that when the present appeal was argued and submitted in December, 1931, the municipal assembly had long since performed the act, which the bank was seeking to compel them to perform and that the fiscal year for which the appropriation in question was to be made had long since expired. The question, then, as to whether the district court erred in dismissing the petition for a writ of mandamus has become moot. See 38 C.J. 552, section 23; *U. S. ex rel Gannon* v. *Georgetown College,* 28 App. (D.C.) 87.

The appeal will be dismissed.

Mr. Justice Córdova Dávila took no part in the decision of this case.